**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JASON ERICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:23-cv-238 |
| | ) | |
| WABTEC CORPORATION and | ) | |
| SHUTTLEWAGON, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Jason Erickson ("Plaintiff" or "Erickson"), by undersigned counsel, and hereby files this lawsuit against Defendants, Wabtec Corporation ("Wabtec") and Shuttlewagon, Inc. ("Shuttlewagon") (collectively "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

**PARTIES**

1. Plaintiff has resided within the Southern District of Indiana at all relevant times.

2. Wabtec and Shuttlewagon are both corporations that operate and conduct business in the Southern District of Indiana.

3. Plaintiff was employed by Shuttlewagon and Wabtech.

1

**JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5.      Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6.      Defendants are both an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7.      Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8.      All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

9.      Erickson is a Christian, placing him in a protected class under Title VII.

10.     Shuttlewagon hired Erickson in April 2019 as a Field Service Technician. In or about April 2021, Wabtec purchased Shuttlewagon and assumed control and operation of Shuttlewagon. Erickson continued to work for Wabtec and Shuttlewagon thereafter as a Field Service Technician.

2

11. At all times during his employment, Erickson met or exceeded Defendants' legitimate performance expectations.

12. Erickson worked out of his home in Sullivan County, Indiana. Erickson's job generally entailed driving from his home to various customer sites in Indiana, Illinois, Iowa and Ohio to service and repair Defendants' equipment.

13. Erickson's job primarily involved working alone outdoors, and he generally had little to no in-person interaction with Defendants' customers when performing his duties of servicing and repairing Defendants' equipment.

14. In September 2021, Wabtec announced that it was implementing a vaccination policy for all employees who "travel by any mode of transportation on business travel or Company-paid business and [who] use Company-paid vehicles," effective October 1, 2021.

15. Defendants' vaccination policy included a provision allowing employees to seek an exemption/accommodation from receiving the vaccine, including on the basis of "sincerely held religious beliefs and practices," provided that the exemption/accommodation would not create an undue hardship or pose a direct threat to others.

16. On September 29, 2021, Erickson engaged in protected conduct under Title VII when he requested an exemption/accommodation from Defendants' vaccination policy.

17. Erickson's written request provided detailed information as to why he was seeking an accommodation to be excused from taking the COVID-19 vaccine based

on his sincerely held religious beliefs, including, but not limited to, that he is a Christian who believes in the Bible and the teachings therein and that he believes that taking the COVID-19 vaccine is contradictory to the teachings in the Bible.

18.    On October 1, 2021, Erickson met with Wabtec's Human Resource Representative, Dave Naleway, in relation to his religious accommodation request.

19.    Naleway interrogated Erickson about the sincerity of his religious beliefs, asking him questions such as whether he ever took medication, ate fast food, or drank soda or alcohol.

20.    On October 6, 2021, Defendants denied Erickson's request for accommodation, suspended him for two weeks without pay, and invited him to provide follow up information if he had any concerns.

21.    Erickson again engaged in protected conduct upon receiving notice of the denial, complaining that Defendants had improperly denied his request and providing further clarification on the basis of his request and the sincerity of his religious beliefs.

22.    On October 21, 2021, Defendants terminated Erickson.

23.    Defendants did not deny Erickson's request for accommodation based on a determination that it would create an undue hardship on Defendants to grant the accommodation.

24.    Defendants did not deny Erickson's request for accommodation based on a determination that it would create a direct threat to grant the accommodation.

25.    On information and belief, Defendants granted similarly-situated employees an exemption/accommodation from taking the COVID-19 vaccine.

4

26. Defendants denied Erickson's request for accommodation based on their contention that Erickson's religious beliefs were not sincerely held.

27. Other, similarly-situated individuals who are outside of Erickson's protected class(es) have been treated more favorably by Defendants and/or have not been subject to the same adverse employment actions as Plaintiff.

28. Erickson has suffered, and continues to suffer, harm as a result of Defendants' unlawful actions.

## COUNT I

### TITLE VII – RELIGIOUS DISCRIMINATION

29. Plaintiff hereby incorporates paragraphs 1 – 28 of his Complaint.

30. Defendants took adverse employment actions against Plaintiff because of his religion and/or his religious beliefs.

31. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II

### TITLE VII – FAILURE TO ACCOMMODATE

32. Plaintiff hereby incorporates paragraphs 1 – 31 of his Complaint.

33. Defendants failed to provide Erickson with an accommodation based on his religious beliefs.

34. Erickson's accommodation request, if granted, would not have created an undue hardship on Defendants.

35. Erickson's accommodation request, if granted, would not posed a direct threat.

36. Defendants denial of Erickson's accommodation request on the basis that his religious beliefs were not sincere was improper and unlawful.

37. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III

## TITLE VII – RETALIATION

38. Plaintiff hereby incorporates paragraphs 1 – 37 of his Complaint.

39. Plaintiff engaged in statutorily-protected activities before his termination.

40. Defendants took adverse employment actions against Plaintiff in retaliation for his engagement in these statutorily-protected activities.

41. Defendants' unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jason Erickson, respectfully requests that this Court find for him and order that:

1. Defendants reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendants pay lost wages and benefits to Plaintiff;

3. Defendants pay compensatory and punitive damages to Plaintiff;

4. Defendants pay pre- and post-judgment interest to Plaintiff;

6

5.  Defendants pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6.  Defendants pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
Eric J. Hartz (29676-49)
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Ste. 200
Indianapolis, IN 46220
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com
        eric@clcattorneys.com

Counsel for Plaintiff, Jason Erickson

## DEMAND FOR JURY TRIAL

Plaintiff, Jason Erickson, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*/s/ Jason P. Cleveland*
Jason P. Cleveland, Attorney #24126-53